UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

N⁰ 11-CV-4706 (JFB)

WILLIAM EVANS,

Petitioner,

VERSUS

ROLAND LARKIN, Superintendent of Eastern Correctional Facility,

Respondent.

**MEMORANDUM AND ORDER**
May 7, 2014

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner William Anthony Evans ("Evans" or "petitioner") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner currently is incarcerated in Eastern Correctional Facility ("ECF"), a New York State prison, for a conviction on state charges, with an earliest release date of March 6, 2015. This is Evans's second petition pursuant to § 2241.[1] On May 17, 2010, this Court denied the first petition on ripeness grounds because Evans was not yet in federal custody and, therefore, the Federal Bureau of Prisons ("BOP") had not made any determination as to what, if any, credit Evans was entitled to on his federal sentence. *Evans v. United States*, No. 08-CV-3830 (JFB), 2010 WL 2026433 (E.D.N.Y. May 17, 2010), *aff'd*, 419 F. App'x 53 (2d Cir. 2011). In mid-2011, Evans asked the BOP to grant him credit for time served in state custody and for time during which he was erroneously released from state custody. Although Evans is still in state custody, the BOP considered and denied his request, in accordance with Program Statement 5160.05 ("the Program Statement"). Thus, the instant petition relates to a decision regarding the computation of credit for a federal sentence that Evans has not yet begun to serve, but on which the BOP has made an initial determination. For the reasons set forth below, the Court again concludes that petitioner's claim is not ripe for review despite the BOP's review and conclusion. Petitioner also has not exhausted his available administrative remedies.

---

[1] Evans names Roland Larkin, the Warden of ECF, as respondent. The United States of America ("the Government") has interposed an opposition because Evans's claim virtually is identical to that in the first petition, it is unclear whether Larkin was served with the petition, and Evans names no federal actor in the suit. The Court concludes that the Government is the proper respondent because Evans challenges the duration of his sentence for a federal conviction, and he has no avenue for relief through New York State.

## I. BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this case. Briefly, on December 7, 1988, Evans pleaded guilty to robbery of an employee of the United States Postal Service, in violation of 18 U.S.C. § 2114. After pleading guilty, Evans was returned to state custody to answer state charges, but upon his release from state custody on September 29, 1989, Evans was not given over to federal authorities for sentencing. On March 8, 1990, Evans was arrested on state charges and another federal detainer was lodged against him. On November 25, 1991, Judge Leonard Wexler of this District sentenced petitioner on his postal robbery conviction to a term of imprisonment of forty months and a supervised release term of five years, which was to run consecutively with petitioner's then-pending state sentences. Petitioner was since sentenced on the unrelated state charges and is expected to remain in state custody until March 6, 2015, "at the earliest."

After the Second Circuit affirmed this Court's dismissal of Evans's first petition, Evans wrote to the BOP's Designation and Sentence Computation Center ("DSCC") in Texas, requesting credit towards his federal sentence. (Letter to BOP, Petitioner's Appendix to Petition ("PA") at 13.) The BOP reviewed Evans's request for a *nunc pro tunc* or retroactive designation in accordance with the factors in 18 U.S.C. § 3621(b), and it determined a retroactive concurrent designation was inappropriate. (BOP Denial, PA at 11–12.) According to the BOP, it contacted the federal sentencing court, which took no position on a retroactive concurrent designation.

## II. STANDARD OF REVIEW

Petitioner brings the instant petition pursuant to 28 U.S.C. § 2241. The Second Circuit has explained that

> Section 2241 . . . is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997). Although a prisoner can challenge the determination of credit on the federal sentence,

> [t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.

*United States v. Whaley*, 148 F.3d 205, 206–07 (2d Cir. 1998) (citing *United States v. Wilson*, 503 U.S. 329, 333, 335 (1992) and *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997)); *see also Pineyro*, 112 F.3d at 45 ("After a defendant is sentenced, it

2

falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'; whether a defendant should receive credit for time spent in custody before the sentence 'commenced'; and whether the defendant should be awarded credit for 'good time.'" (citations omitted)); *see also DeVivo v. Mance*, No. 08–CV–673(DNH/RFT), 2009 WL 2882937, at *6 (N.D.N.Y. July 20, 2009) ("It is the United States Attorney General, who in turn delegated responsibility to the Bureau of Prisons (BOP), and not the federal courts, who are charged with the first opportunity to determine whether [petitioner] is entitled to the credit he alleges." (citations omitted)). Thus, in a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.

*Nunc pro tunc* designation is a retroactive designation, which the BOP may grant in accordance with the discretion it is given under § 3621(b). In the event the BOP denies *nunc pro tunc* designation, "any further court review of the Bureau's action will be limited to abuse of discretion." *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). "[S]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) (citing *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998)); *Barden*, 921 F.2d at 478).

### III. DISCUSSION

Petitioner is not in federal custody and, thus, his federal sentence has not yet commenced. *See* 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."). Therefore, it appears that Evans's case is still not ripe for review for the reasons this Court stated in its first decision:

> Numerous courts have declined to review Section 2241 petitions in similar situations, *i.e.*, where a petitioner raises issues of credit with respect to future federal custody prior to any credit determination by the BOP. *See, e.g., Crumedy v. United States*, No. 97–41039, 1999 WL 274481, at *1 (5th Cir. Apr. 16, 1999) (unpublished opinion) (affirming denial of habeas petition as premature where BOP had not made crediting determinations regarding the future federal sentence of a current state prisoner); *Simms v. United States*, No. 08–13–HRW, 2009 WL 3061994, at *5 (E.D. Ky. Sept. 21, 2009) ("The Court's Section 2241 habeas jurisdiction is limited to challenges to the BOP's implementation or calculation of a federal prisoner's sentence. However, *the BOP cannot be said to be implementing or executing a prisoner's sentence until that prisoner is received into federal custody to 'commence' his or her federal sentence within the meaning of 18 U.S.C. § 3585(a). Until that time, the BOP has yet to make any firm or binding determinations regarding the circumstances of the prisoner's confinement.*"); *DeVivo*, 2009 WL 2882937, at *6 ("Because it is the BOP who decides what credit a federal prisoner will receive, and *such computation is made at the time an inmate arrives at his designated federal facility*, it has

been held that a prisoner must first pursue and exhaust available administrative remedies, prior to seeking collateral relief in district court." (collecting cases)); *Ben v. Mukasey*, No. 08–CV–163–O, 2008 WL 5396300, at *2 (N.D. Tex. Dec. 18, 2008) (holding that habeas petition was "premature" where "[p]etitioner has not received any notices from the Federal Bureau of Prisons regarding the time credited to his federal sentence and he concedes that he is not currently in federal custody"); *Berry v. Sullivan*, Civ. No. 07–5965(JAP), 2007 WL 4570315, at *5–6 (D.N.J. Dec. 26, 2007) (holding that petitioner's claim regarding "his concerns about his future or, at most, his conjecture about BOP's potential refusal to make [the requested] designation" was unripe for review). Thus, because petitioner is not yet in federal custody and, therefore, the BOP has not made any determination as to what, if any, credit petitioner is entitled to on his federal sentence, petitioner's Section 2241 habeas petition is not ripe for review.

*Evans*, 2010 WL 2026433, at *4 (emphasis added).

Petitioner, however, claims the issue is ripe for review because the BOP has denied the request for credit. The Court disagrees.

Recognizing the difficulties presented where the state possesses primary custody over a criminal defendant but does not sentence the defendant until after a federal sentence is imposed, the Third Circuit in *Barden v. Keohane* held that the BOP's authority under 18 U.S.C. § 3621(b) to designate the penal institution where a federal prisoner will serve the federal sentence includes the authority to designate, *nunc pro tunc*, the state prison where the defendant had been serving a state sentence as the place where the prisoner was serving the federal sentence. 921 F.2d at 480–81. "The practical effect of such a designation is to grant the federal prisoner credit against his federal sentence for all of the time spent in state custody, in effect serving the two sentences concurrently." *Simms*, 2009 WL 3061994, at *5. Program Statement 5160.05 sets forth the factors BOP considers in determining whether to make such a designation. [2] *See* Program Statement, http://moe.fd.org/Docs/BOP%20policy%20stmt%205160_005.pdf. As noted above, Evans has unsuccessfully sought credit from the BOP although he is still in state custody. "[U]nder normal circumstances, the BOP does not determine whether to give a prisoner [*Barden*] credit until the prisoner is actually taken into federal custody." *Berry*, 2007 WL 4570315, at *5 n.4; *see* 28 C.F.R. § 542.10(b) (providing that the administrative framework in 28 C.F.R. §§ 542.10 *et seq.* "applies to all inmates in institutes operated by the Bureau of Prisons," but not "to inmates confined in other non-federal facilities"). Program Statement 5160.05, however, contemplates requests by inmates at state institutions. Specifically, it states that a *nunc pro tunc* designation request "will be considered regardless of whether the inmate is physically located in either a federal or state institution." Program Statement, at 6.

Although an inmate may challenge the BOP's denial of an inmate's request as an abuse of discretion through a writ of habeas corpus under § 2241, even where the request is made before the inmate is in federal

---

[2] BOP Program Statements are internal agency guidelines, and in many cases, the policies set forth therein are "akin to an interpretive rule." *Reno v. Koray*, 515 U.S. 50, 61 (1995).

4

custody, the petition remains unripe for review and cannot be entertained by a federal court until the inmate is delivered into federal custody and the BOP has made a firm or binding determination regarding the circumstances of the prisoner's confinement. *Simms*, 2009 WL 3061994, at *5. As the court explained in *Simms*, a federal court's "Section 2241 habeas jurisdiction is limited to challenges to the BOP's implementation or calculation of a federal prisoner's sentence," but (1) "the BOP cannot be said to be implementing or executing a prisoner's sentence until that prisoner is received into federal custody to 'commence' his or her federal sentence within the meaning of 18 U.S.C. § 3585(a)"; and (2) "[t]he warden of the federal facility where the petitioner is incarcerated [must] be named as the respondent because he or she is the legal custodian of the petitioner, and the only individual with the legal authority to effectuate any change ordered by the reviewing court." *Id.* (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004)). Indeed, 18 U.S.C. § 3585(b) contemplates computation of the credit by the Attorney General *after* the sentence has commenced. *Wilson*, 503 U.S. at 335. Therefore, this Court holds that Evans's § 2241 petition still is not ripe for review because he is not in federal custody, even though the BOP has preliminarily denied him credit for time served in state custody.

Even if this were not so, the Court would dismiss the petition for failure to exhaust available administrative remedies. "A petitioner seeking credit against a sentence for time previously served under § 3538(b) must exhaust the administrative remedies set out in 28 C.F.R. § 542.10–.16 before filing a petition under section 2241." *Fajardo v. United States*, No. CV-93-4149, 1994 WL 163198, at *2 (E.D.N.Y. Apr. 21, 1994) (citations omitted). Pursuant to 28 C.F.R. §§ 542.14(d) and 542.15(a), which set forth the initial filing and appellate process, an inmate seeking credit for time served may submit a request to the regional BOP office, including the DSCC, and, if dissatisfied with the response, may appeal within thirty days to the General Counsel.[3]

In *Unger v. Walton*, the court considered whether an inmate properly exhausted his administrative remedies where he requested a *nunc pro tunc* designation while in state custody and filed his petition for a writ of habeas corpus while in federal custody. No. 12-cv-1180-DRH-DGW, 2013 WL 6182803, at *2–3 (S.D. Ill. Nov. 26, 2013). The court reasoned that the BOP's Administrative Remedy Program did not apply to the petitioner when he sent the letter, according to 28 C.F.R. § 542.10(b), and therefore the letter did not amount to a "Request" under 28 C.F.R. § 542.14. *Id.* at *3. The court further held that, even if it were to accept the letter as a formal request, the "petitioner failed to exhaust his administrative remedies when he did not appeal its denial to the General Counsel's Office." *Id.* The court also rejected the alternative argument that, if the letter was outside the Program, the regulatory appeal procedure would not apply and the initial denial of his letter constituted full exhaustion of his administrative remedies because he fulfilled the requirements of the Program Statement. *Id.* The court explained:

> [F]ulfilling the requirements of Program Statement 5160 is not the same as exhausting administrative remedies. While technically not a part of the Administrative Remedies Program, the Court cannot ignore the fact that administrative remedies

---

[3] There are four levels of administrative review, from informal requests through to appeals to the General Counsel, but the first two levels are inapplicable here. *See* 28 C.F.R. §§ 542.10–.18

5

were available to the petitioner. The purpose of exhaustion, including the appeal process, is to provide officials the opportunity to reach final determinations on relevant issues and to catch any mistakes or correct any errors without having to resort to litigation. Petitioner failed to give the BOP an opportunity to review its decision, most logically by filing an appeal to the General Counsel's Office.

*Id.*

This Court agrees with the analysis in *Unger*. Therefore, even if the BOP's denial of credit has obviated the statutory federal custody requirement, Evans's petition must be dismissed because he has not exhausted his administrative remedies by timely appealing the denial to the General Counsel's Office.[4]

---

[4] Petitioner does not argue that the exhaustion requirement should be excused, and the Court sees no reason to excuse the failure. "[E]xhaustion of administrative remedies may not be required when '(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (quoting *Able v. United States*, 88 F.3d 1280, 1288 (2d Cir. 1996)). There is no reason to conclude that the available remedies would provide no genuine opportunity for adequate relief, or that irreparable injury may occur, especially because petitioner has not yet been transferred to federal custody and any determination by the BOP would not affect the duration of his state sentence. Evans's petition also does not raise any substantial constitutional question. To the extent petitioner could argue that any appeal would be futile, the Court notes that, even if it were likely that the appeal would be denied, such a showing would not prove futility. *See Collins v. Zickefoose*, No. 3:08 Civ. 747, 2008 WL 4980361, at *3 (D. Conn. Nov. 20, 2008) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the [BOP] may give a statement of its reasons that is helpful to the district court in considering the merits of the claim." (quoting *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) (emphasis in original))). Moreover, the BOP's denial does not address the time when Evans was out of custody, and therefore the Court could not review any BOP determination on those grounds.

## IV. CONCLUSION

For the foregoing reasons, Evans's petition for a writ of habeas corpus is denied without prejudice. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: May 7, 2014
 Central Islip, NY

\* \* \*

Petitioner proceeds *pro se*. The Government is represented by Loretta E. Lynch, United States Attorney for the Eastern District of New York, by Raymond A. Tierney, Assistant United States Attorney, 610 Federal Plaza, Central Islip, NY 11722.