# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Nº 11-CV-4706 (JFB)

WILLIAM EVANS,

Petitioner,

VERSUS

ROLAND LARKIN, Superintendent of Eastern Correctional Facility,

Respondent.

**MEMORANDUM AND ORDER**
August 7, 2014

JOSEPH F. BIANCO, District Judge:

*Pro se* petitioner William Anthony Evans ("Evans" or "petitioner"), who is incarcerated in Eastern Correctional Facility, a New York State facility, with an earliest release date of March 6, 2015, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In mid-2011, Evans requested a *nunc pro tunc* designation of the state prison for service of his federal sentence from the BOP, pursuant to 18 U.S.C. § 3621. Although Evans is in state custody, the BOP considered and denied the request, in accordance with Program Statement 5160.05 ("the Program Statement"). Thus, the petition relates to a decision regarding the computation of credit for a federal sentence that Evans has not yet begun to serve, but on which the BOP has made an initial determination.

The Court denied the petition by Memorandum and Order dated May 7, 2014, *Evans v. Larkin*, No. 11-CV-4706, 2014 WL 1814122 (E.D.N.Y. May 7, 2014), reasoning that petitioner's claim remains unripe despite the BOP's initial determination. Petitioner now moves for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons set forth in detail below, the Court denies the motion.

---

[1] This is Evans's second petition pursuant to § 2241. On May 17, 2010, this Court denied the first petition on ripeness grounds, because Evans was not yet in federal custody and the Federal Bureau of Prisons ("BOP") had not made any determination as to what, if any, credit Evans was entitled to on his federal sentence. *Evans v. United States*, No. 08-CV-3830 (JFB), 2010 WL 2026433 (E.D.N.Y. May 17, 2010), *aff'd*, 419 F. App'x 53 (2d Cir. 2011). The Second Circuit affirmed, explaining that because the BOP possesses the sole authority to make credit determinations pursuant to 18 U.S.C. §3585(b), this Court "may not render Evans' credit determination in the first instance; rather, it may only review a decision by the BOP." 419 F. App'x at 53.

I. BACKGROUND

A. Factual Background

On December 7, 1988, Evans pleaded guilty in the Eastern District of New York to robbery of an employee of the United States Postal Service, in violation of 18 U.S.C. § 2114. After pleading guilty, Evans was returned to state custody to answer state charges, but he erroneously was released from state custody on September 29, 1989, without again being turned over to federal authorities for sentencing. On March 8, 1990, Evans was arrested on new state charges, and a federal detainer was lodged against him. On November 25, 1991, Judge Leonard Wexler of this District sentenced Evans on his postal robbery conviction to a term of imprisonment of forty months and a supervised release term of five years, which was to run consecutively with petitioner's then-pending (if any) state sentences. Petitioner was later sentenced on the new state charges, and he will remain in state custody until March 6, 2015, at the earliest.

After the Second Circuit affirmed this Court's dismissal of the first petition, Evans wrote to the BOP's Designation and Sentence Computation Center ("DSCC") in Texas, requesting credit towards his federal sentence. (June 20, 2011 Letter to BOP, Petitioner's Appendix to Petition ("PA") at 13–14.) Specifically, after detailing the "factual background" of his convictions and incarceration, Evans requested a *nunc pro tunc* designation of the state prison for service of his federal sentence. The letter did not specifically request credit for time served with respect to the period between Evans's erroneous release from state custody on September 29, 1989, and the date of his federal sentencing on November 25, 1991, although Evans now seeks credit for time served from September 29, 1989, until the present. The BOP reviewed the request in accordance with the factors in 18 U.S.C. § 3621(b), and it determined a retroactive concurrent designation was inappropriate. (BOP Denial, PA at 11–12.) According to the BOP, it contacted the federal sentencing court, which took no position on a retroactive designation. According to a letter attached to the instant motion—which was not in the record when the Court issued its May 7 Memorandum—BOP informed petitioner that "[t]here is no administrative appeal in this matter." (December 1, 2011 Letter, Reconsideration Motion Ex. A.) However, the government has clarified to petitioner (and to the Court) that the reason there is no appeal at this juncture is because petitioner is not in federal custody, and that he will be given an opportunity to fully exhaust this issue through the administrative appeal process once he is in federal custody. (*See, e.g.*, Opp'n to Motion for Reconsideration, at 11 n.1. ("According to Patrick Liotti, . . . BOP provides that upon commencement of petitioner's federal sentence, Evans will be able to seek administrative review of the BOP's initial decision to deny his request to have his federal sentence be credited for time previously served on his state sentence.").)

B. Procedural Background

Evans submitted the petition for a writ of habeas corpus on September 26, 2011. The Court denied the petition on May 7, 2014. Petitioner moved for reconsideration on May 21, 2014. The government timely filed its opposition on July 18, 2014, and petitioner replied on July 30, 2014.[2]

---

[2] By letter dated July 23, 2014 (which was docketed on July 30, 2014), petitioner complained that the government had not served its opposition by July 18, 2014. (Docket No. 37.) On July 30, 2014, the Court issued an order extending petitioner's reply deadline from August 1 to August 18. On August 1, 2014, the Clerk docketed petitioner's reply, which is dated July 28, 2014. According to the reply, petitioner received

## II. STANDARDS OF REVIEW

### A. 28 U.S.C. § 2241 Petition

Petitioner brings the instant petition pursuant to 28 U.S.C. § 2241. The Second Circuit has explained that

> Section 2241 . . . is the proper means to challenge the *execution* of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004); *see also Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001); *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997). Although a prisoner can challenge the determination of credit on the federal sentence,

> [t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations. Although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review.

---

the opposition on July 25, 2014. Therefore, the matter is fully submitted.

*United States v. Whaley*, 148 F.3d 205, 206–07 (2d Cir. 1998) (citing *United States v. Wilson*, 503 U.S. 329, 333, 335 (1992); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997)); *see also Pineyro*, 112 F.3d at 45 ("After a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence'; whether a defendant should receive credit for time spent in custody before the sentence 'commenced'; and whether the defendant should be awarded credit for 'good time.'" (citations omitted)); *see also DeVivo v. Mance*, No. 08–CV–673(DNH/RFT), 2009 WL 2882937, at *6 (N.D.N.Y. July 20, 2009) ("It is the United States Attorney General, who in turn delegated responsibility to the Bureau of Prisons (BOP), and not the federal courts, who are charged with the first opportunity to determine whether [petitioner] is entitled to the credit he alleges." (citations omitted)). Thus, in a § 2241 petition challenging the computation of credit on a federal sentence, a district court has the power only to review a decision by the BOP, not to make credit determinations in the first instance.

*Nunc pro tunc* designation is a retroactive designation that the BOP may grant in accordance with the discretion it is given under § 3621(b). In the event the BOP denies a *nunc pro tunc* designation, "any further court review of the Bureau's action will be limited to abuse of discretion." *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990). "[S]uch a designation by the BOP is plainly and unmistakably within the BOP's discretion and [the court] cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) (citing *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998); *Barden*, 921 F.2d at 478)).

B.  Motion for Reconsideration

Motions for reconsideration may be filed pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). The standard for granting a motion for reconsideration pursuant to Rule 59(e) is "strict, and reconsideration will generally be denied." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation omitted). A motion for reconsideration is appropriate when the moving party can demonstrate that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Id.* at 284 (quotation omitted). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Id.*

Local Civil Rule 6.3 provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which [the party] believes the court has overlooked." "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Medoy v. Warnaco Emps. Long Term Disability Ins. Plan*, 97 CV 6612 (SJ), 2006 WL 355137, at *1 (E.D.N.Y. Feb. 15, 2006) ("The standard . . . is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

III.  DISCUSSION

In its Memorandum and Order, the Court denied the petition because: (1) Evans is not in federal custody and, thus, his federal sentence has not yet commenced, rendering his claim unripe for review; (2) the petition is unripe for review notwithstanding the BOP's initial determination, because it will not make a firm and binding determination regarding the circumstances of the prisoner's confinement until he is delivered into federal custody; and (3) petitioner has failed to exhaust his administrative remedies pursuant to 28 C.F.R. §§ 542.10 *et seq.* Evans argues that the Court erred in concluding that the petition was unripe, because: (1) under Second Circuit jurisprudence, a prisoner does not have to be in federal custody in order to avail himself or herself of 18 U.S.C. § 3621(b) relief through a *nunc pro tunc* designation, *see Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72 (2d Cir. 2005); and (2) the BOP informed him that no administrative appeal was available. Petitioner, therefore, requests that the Court reach the merits of the petition and grant him full relief. As set forth below, the Court concludes that reconsideration is unwarranted.

A.  Exhaustion of the Out-of-Custody Time Served Claim

As a threshold matter, petitioner does not challenge the Court's conclusion that "the BOP's denial does not address the time when Evans was out of custody, and therefore the Court could not review any BOP determination on those grounds." *Evans*, 2014 WL 1814122, at *5 n.4. As the Court explained *supra*, in a 28 U.S.C. § 2241 petition challenging the computation of credit on a federal sentence, a district court only has the power to review a decision by the BOP, not to make credit determinations in the first instance. *See, e.g.*, *Whaley*, 148 F.3d at 206–07. Here, although the petition seeks credit for time served since petitioner's erroneous release from state custody, Evans never requested such credit from the BOP. (*See* June 20, 2011

Letter to BOP (requesting *nunc pro tunc* designation but not additional credit based on erroneous release).) Thus, regardless of whether the BOP actually would grant such credit, this claim remains unripe for review until the BOP has considered it.[3] Therefore, the Court could not grant the entirety of the requested relief at this juncture.

B. Ripeness of the *Nunc Pro Tunc* Designation Claim

As set forth below, the Court concludes that a prisoner must fully exhaust his or her administrative remedies (including administrative appeals once in federal custody) in order for a petition challenging the denial of a *nunc pro tunc* designation to be ripe. *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72 (2d Cir. 2005), and *McCarthy v. Doe*, 146 F.3d 118 (2d Cir. 1998), do not compel a different conclusion.

Under 18 U.S.C. § 3584(a), if "a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The Second and Third Circuits hold the latter provision "inapplicable to instances in which the federal sentence is imposed first." *Abdul-Malik*, 403 F.3d at 73 (citing *McCarthy*, 246 F.3d at 121–22; *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)). In these circuits, the BOP has the authority under 18 U.S.C. § 3621 to designate the state prison as a place of federal confinement, with the result that, if the BOP made such a designation, the prisoner effectively would serve his sentences concurrently. *Id.* at 75. The BOP must give "full and fair consideration" to the request for a *nunc pro tunc* designation, subject to review for "abuse of discretion." *Id.* at 76; *see Jennings v. Schult*, 377 F. App'x 97, 98 (2d Cir. 2010) (detailing standard); *Barden*, 921 F.2d at 478 ("The answer [to whether the state prison should be designated as a place of federal confinement *nunc pro tunc*] will depend on the Bureau's practice in making such designations, as well as its assessment of Barden's conduct in custody, the nature of his crime and all the other factors that govern penal authorities' consideration of a prisoner's request for relief from the strict enforcement of his sentence."). "A petitioner who seeks review of the Bureau of Prisons' denial of his nunc pro tunc designation request must first, however, exhaust his administrative remedies." *Henriquez v. United States*, No. 12 Civ. 5590(AKH), 2012 WL 6739422, at *3 (S.D.N.Y. Dec. 27, 2012) (citing *Setser v. United States*, 132 S. Ct. 1463, 1473 (2012); *Abdul-Malik*, 403 F.3d at 73). As this Court explained in the May 7 Memorandum, pursuant to 28 C.F.R. §§ 542.14(d) and 542.15(a), which set forth the initial filing and appellate process, an inmate seeking credit for time served may submit a request to the regional BOP office, including the DSCC, and, if dissatisfied with the response, may appeal within thirty days to the General Counsel.[4]

Here, the BOP informed petitioner that there was no administrative appeal from the initial determination. (*See* December 1, 2011 Letter.) Respondent and the BOP, however, consistently have represented to this Court

---

[3] The Court notes that petitioner's arguments on the merits in his petition and memoranda of law focus on the time period between his erroneous release and the date of his federal sentencing, not on whether the BOP abused its discretion in denying him *nunc pro tunc* designation.

[4] There are four levels of administrative review, from informal requests through to appeals to the General Counsel, but the first two levels are inapplicable here. *See* 28 C.F.R. §§ 542.10–.18

that the administrative appeals process will be available to petitioner upon his arrival in federal custody. (*See, e.g.*, Opp'n to Motion for Reconsideration, at 11 n.1. ("According to Patrick Liotti, . . . BOP provides that upon commencement of petitioner's federal sentence, Evans will be able to seek administrative review of the BOP's initial decision to deny his request to have his federal sentence be credited for time previously served on his state sentence.").).

The fact that the administrative remedies currently are unavailable to petitioner supports the Court's conclusion that his claim is not ripe for review. Although some courts, including the Second Circuit, have implied that prisoners in state custody can challenge the denial of a *nunc pro tunc* designation, this Court is unaware of any binding or persuasive authority that has concluded that a § 2241 petition is ripe the moment the BOP makes its initial determination.[5] In fact, *Unger v. Walton*, No. 12-cv-1180-DRH-DGW, 2013 WL 6182803 (S.D. Ill Nov. 26, 2013), is expressly to the contrary. There, the court considered whether an inmate properly exhausted his administrative remedies where he requested a *nunc pro tunc* designation while in state custody and filed his petition for a writ of habeas corpus while in federal custody. *Id.* at *2–3. That court reasoned that the BOP's Administrative Remedy Program did not apply to the petitioner when he sent the letter, according to 28 C.F.R. § 42.10(b), and therefore the letter did not amount to a "Request" under 28 C.F.R. § 542.14. *Id.* at *3. It further held that, even if it were to accept the letter as a formal request, the "petitioner failed to exhaust his administrative remedies when he did not appeal its denial to the General Counsel's Office." *Id.* The court also rejected the alternative argument that, if the letter was outside the Program, the regulatory appeal procedure would not apply and the initial denial of his letter constituted full exhaustion of his administrative remedies because he fulfilled the requirements of the Program Statement. *Id.* The court explained:

> [F]ulfilling the requirements of Program Statement 5160 is not the same as exhausting administrative

---

[5] *Abdul-Malik* and *McCarthy* do not address exhaustion of administrative remedies. Thus, it is unclear whether the government raised the exhaustion issue in these cases (or, if the government did raise it, whether the petitioners in these cases had satisfied all the exhaustion requirements, including administrative appeals, while in state custody). Similarly, in *Henriquez*, where the Court held that "[a] prisoner can challenge the refusal to grant such a designation by a habeas corpus petition before he enters federal custody," 2012 WL 6739422, at *3, the court had no occasion to consider the availability of the administrative remedies in the first instance. Further, the Second Circuit recognized the need for exhaustion in this case when, in affirming this Court's prior dismissal of the first petition as unripe, it stated that this Court "may not render Evans' credit determination in the first instance; rather, it may only review a decision by the BOP." 419 F. App'x at 53. This Court does not read the Second Circuit's decision to mean that petitioner's claim is ripe if he exhausts only the first level of review by the BOP, but rather he must exhaust all levels of review (including the administrative appeals process). The fact that the administrative appeals process is unavailable until petitioner enters federal custody does not eliminate the exhaustion requirement and transform his claim into a ripe claim. The BOP has the right to wait until an inmate arrives in federal custody until it makes available, and completes, the administrative appeals process. This Court is aware of no decision by any federal court holding that a petitioner's claim for state custody credit is ripe while she is still in state custody if the BOP refuses to make its full exhaustion process available until she reaches federal custody. To the contrary, courts (including the Second Circuit here) repeatedly have held that the BOP makes its final determination when the prisoner arrives in federal custody, and the claim is unripe until the BOP does so. Holding otherwise would create divergent paths for exhausting a *nunc pro tunc* designation request, depending on whether the prisoner is in state or federal custody.

remedies. While technically not a part of the Administrative Remedies Program, the Court cannot ignore the fact that administrative remedies were available to the petitioner. The purpose of exhaustion, including the appeal process, is to provide officials the opportunity to reach final determinations on relevant issues and to catch any mistakes or correct any errors without having to resort to litigation. Petitioner failed to give the BOP an opportunity to review its decision, most logically by filing an appeal to the General Counsel's Office.

*Id.* This Court similarly concludes that the administrative appeals process is part of the exhaustion requirement and, if such process is unavailable until a petitioner enters federal custody, the petitioner still must complete that process before seeking review by this Court of the BOP decision.

In sum, the Court concludes that it did not err in holding petitioner's claims unripe for review. Petitioner has not exhausted his administrative remedies for his request for a *nunc pro tunc* designation, and the record before the Court indicates that no such exhaustion can even occur and render the claim ripe until petitioner is in federal custody—when he is "received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a); *see Dutton v. U.S. Att'y Gen.*, 713 F. Supp. 2d 194, 205 (W.D.N.Y. 2010) ("Here, Dutton's claim is not ripe because the Bureau of Prisons has not yet made a final determination as to state custody credit and calculated his official term."); *cf. United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (affirming dismissal of § 2241 petition with prejudice because, *inter alia*, BOP cannot designate a place of confinement until the prisoner is in federal custody); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992) ("There can be no such case or controversy until the Attorney General makes a determination [regarding sentence credit] and [defendant] seeks judicial review of the determination. . . . Although an agency may waive the opportunity to change its mind, it may not waive (and thereby delegate to the district court) the responsibility to make up its mind in the first place. Until the Attorney General makes a sentence credit determination under section 3585(b), the case is not ripe for review by the District Court.").[6]

Accordingly, the motion for reconsideration is denied on this ground.

### C. Merits of the *Nunc Pro Tunc* Designation Claim

Assuming *arguendo* that the claim is ripe and Evans has exhausted administrative remedies, the Court concludes, in the alternative, that the BOP did not abuse its discretion in denying the request for a *nunc pro tunc* designation.

As an initial matter, in his petition, petitioner argues that he is entitled to a *nunc pro tunc* designation because he was erroneously released from custody before his federal sentencing. (*See* Petition, at 8.) As the Court noted *supra*, that issue has not been presented to the BOP, and the Court declines to address it in the first instance.

Turning to the *nunc pro tunc* designation, in designating the place of imprisonment, the BOP must consider (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of

---

[6] The Court does not believe there is any reason to excuse the exhaustion requirement under these circumstances.

the prisoner; and (4) any statement by the sentencing court (a) concerning the purposes for which the sentence was warranted or (b) recommending a type of penal or correctional facility. 18 U.S.C. § 3621(b). Here, the BOP determined that the second, third, and fourth factors were relevant, and, in his petition and supporting memoranda, Evans does not challenge the BOP's analysis. Having conducted its own review, the Court concludes that the BOP did not abuse its discretion in denying petitioner's request. For instance, the BOP contacted Judge Wexler, who declined to recommend that petitioner be permitted to serve his federal sentence concurrently with his state sentences. The BOP also considered that the federal offense was robbery of a United States Postal Service Employee; that the state offenses were robbery in the first and third degrees and attempted robbery in the third degree; and that petitioner's prior history consisted of convictions for two counts of robbery, and criminal mischief. The BOP thus followed the procedures set forth in 18 U.S.C. § 3621(b) and the Program Statement in determining that a retroactive concurrent designation was not warranted in this case. This Court cannot conclude that the BOP abused its discretion in making this determination. *See, e.g.*, *Trice v. Grondolsky*, Civil No. 08-2968 (NLH), 2009 WL 3615038, at *3 (D.N.J. Oct. 28, 2009) (finding that BOP made deliberate and informed determination in denying request for *nunc pro tunc* designation where it stated that denial was based on nature and circumstances of petitioner's offenses, petitioner's extensive criminal history and numerous parole and probation violations, and sentencing court declined to comment when contacted); *Peterson v. Marberry*, Civil Action No. 07-56 Erie, 2009 WL 55913, at *9 (W.D. Pa. Jan. 5, 2009) (concluding that BOP did not abuse discretion in denying retroactive concurrent designation after BOP and petitioner informed sentencing judge of circumstances of case and he declined to recommend concurrent designation).

Accordingly, in the alternative, the Court denies the petition for writ of habeas corpus on this ground.

IV. CONCLUSION

For the foregoing reasons, Evans's motion for reconsideration is denied.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 7, 2014
Central Islip, NY

\* \* \*

Petitioner proceeds *pro se*. The Government is represented by Loretta E. Lynch, United States Attorney for the Eastern District of New York, by Raymond A. Tierney, Assistant United States Attorney, 610 Federal Plaza, Central Islip, NY 11722.